# EXHIBIT 2

**CT** CORPORATION
A WoltersKluwer Company

# Service of Process Transmittal

12/14/2006
Log Number 511730133

**TO:** Cable Television Laboratories, Inc.
858 Coal Creek Circle
Louisville, CO, 80027-9750

**RE:** **Process Served in Colorado**

**FOR:** Cable Television Laboratories, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rembrandt Technologies, LP, Pltf. vs. Comcast Corporation, et al., Dfts. // To: Cable Television Laboratories, Inc. |
| **DOCUMENT(S) SERVED:** | Check, Subpoena, Proof of Service, Schedule(s), Notice(s) |
| **COURT/AGENCY:** | United States District Court, District of Colorado, CO<br>Case # 2:05-CV-00443-TJW |
| **NATURE OF ACTION:** | Subpoena - Pertaining to the documents requested |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2006 at 14:20 |
| **APPEARANCE OR ANSWER DUE:** | Date for Production of documents: January 4, 2007 at 10:00 am |
| **ATTORNEY(S) / SENDER(S):** | Michael S. Forman<br>Fish & Richardson P.C.<br>225 Franklin St.<br>Boston, MA, 02110<br>617-542-5070 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790629739539 |
| **SIGNED:** | The Corporation Company |
| **PER:** | Joyce Rowland |
| **ADDRESS:** | 1675 Broadway<br>Suite 1200<br>Denver, CO, 80202 |
| **TELEPHONE:** | 303-629-2500 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

## SUBPOENA IN A CIVIL CASE

Rembrandt Technologies, LP
v.
Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano, LP

CASE NUMBER: [1] Civil Action No. 2:05-cv-00443-TJW [Pending in the Eastern District of Texas]

TO: Cable Television Laboratories, Inc.
c/o CT Corporation
1675 Broadway, Suite 1200
Denver, CO 80202

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

See Schedule B, attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>303 East 17th Avenue, Suite 565<br>Denver, Colorado 80203 | January 25, 2007<br>9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>303 East 17th Avenue, Suite 565<br>Denver, Colorado 80203 | January 4, 2007<br>10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Plaintiff Rembrandt Technologies, LP | 12/14/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael S. Forman, Fish & Richardson P.C., 225 Franklin Street, Boston, MA 02110
Tel: 617-542-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

[1] If action is pending in district other than district of issuance, state district under case number.

**SCHEDULE A**
**ATTACHED TO REMBRANDT'S SUBPOENA**
**TO CABLE TELEVISION LABORATORIES, INC.**

## DEFINITIONS

1. "CableLabs," "You," or "Your" means and refers to Cable Television Laboratories, Inc., its divisions, affiliates, parent or controlling companies, all of their subsidiaries, divisions, past and present joint ventures, partnerships, predecessors-in-interest, successors, limited partnerships or other operation entities and, without limitations, all of their officers, directors, employees, representatives, agents, accountants, auditors, experts consultants, attorneys, and other persons under their control or acting on behalf or at the direction of Cable Television Laboratories, Inc. or any of its related entities.

2. "Comcast" means Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano, LP, individually and collectively, including without limitation all of their corporate locations, and all predecessors, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, and attorneys, entities acting in joint-venture or partnership relationships with any one or more of them, and others acting on behalf of any one or more of them.

3. "Rembrandt v. Comcast litigation" means the litigation styled Rembrandt Technologies, LP v. Comcast Corporation, et. al., Civil Action No. 2:05-cv-00443-TJW, Pending in the Eastern District of Texas.

4. Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

5. The term "all" includes and encompasses "any."

6. The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

7. "Identify" and "Identity" means:

(a) (with respect to Persons) to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.

(b) (with respect to Documents) to give, to the extent known, the (i) type of Document, (ii) general subject matter, (iii) date of the Document, and (iv) author(s), addressee(s), and recipient(s).

8. "Person" means any natural person or any business, legal, or governmental entity or association.

9. "Document" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" encompasses electronically stored information, including without limitation electronic files in their native format stored with any associated metadata.

10. The term "Communication" (or any variant thereof) means any contact between or among two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

11. The terms and phrases "Concerning," "Relating," or "Regarding" mean and refer to the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, or refers in any way to the matters set forth.

12. "DOCSIS 1.0" means Society of Cable Telecommunications Engineers (Engineering Committee, Data Standards Subcommittee), Data-Over-Cable Service Interface Specification, DOCSIS 1.0 Radio Frequency Interface (RFI) (ANSI/SCTE 22-1 2002).

13. "DOCSIS 1.1" means the Data-Over-Cable Service Interface Specifications, Radio Frequency Interface Specification, SP-RFIv1.1-C01-050907, dated September 7, 2005.

14. "DOCSIS 2.0" means the Data-Over-Cable Service Interface Specification, version SP-RFIv2.0-I09-050812, dated August 12, 2005.

15. "Specified DOCSIS Sections" means the following sections from the DOCSIS standards:

| DOCSIS 1.0 | DOCSIS 1.1 | DOCSIS 2.0 |
|---|---|---|
| 1.1 | 1.1 | 1.1 |
| 1.3 | 1.3 | 1.3 |
| 2.2 | 2.2 | 4.2 |
| 3.1 | 3.1 | 5.1 |
| 3.4 | 3.4 | 5.4 |
| 3.5 | 3.5 | 5.5 |
| 4.2 | 4.2 | 6.2 |
| 6.1 | 6.1 | 8.1 |
| 6.2 | 6.2 | 8.2 |
| 6.3 | 6.3 | 8.3 |
| 6.4 | 7.1 | 9.1 |
| 6.5 | 7.3 | 9.3 |
| | 7.4 | 9.4 |
| | 8.1 | 10.1 |
| | 8.2 | 10.2 |
| | | 11.2 |

16. "MPEG-1" means the Moving Pictures Experts Group standard formally know as ISO/IEC 11172.

17. "MPEG-2" means the Moving Pictures Experts Group standard formally known as ISO/IEC 13818.

## INSTRUCTIONS

1. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

2. Where a document is stored electronically, you shall produce an electronic copy of the original document in its native format, including all stored metadata. Where a claim of privilege is made with respect to portion of an electronic document, you may redact only that portion, in such a manner as to retain the original metadata to the extent possible. If it is not possible to retain all original metadata (for example, a file modification time), you shall separately produce the original metadata that was modified by the redaction process.

3. All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

4. Each document and thing produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the document or thing at any time.

5. If you cannot produce any of these documents in full, produce them to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

6. If you cannot produce all of the requested documents, describe in detail every reason for any failure or inability to produce each of those requested documents.

7. If you cannot locate documents or things responsive to these requests after the exercise of due diligence, state in detail the particulars of the efforts that you made to locate such documents or things and the reasons for their disappearance or unavailability. If such documents or things exist but are unavailable to you, state to the best of your knowledge, where the documents or things are located, including the name, address, and telephone number of the custodian.

8. If any document covered by these requests, or any portion thereof, is withheld by reason of a claimed privilege, a privilege log is to be furnished at the time that documents are produced, identifying any such document for which the privilege is claimed, together with the following information with respect to any document withheld, or any portion thereof: author(s); recipient(s); sender(s); indicated or blind copies; title of the document, if any; date; general subject matter; present location of all copies of such document; the basis or bases on which the privilege is claimed; and the request to which such document relates. Where a portion of a

document has been withheld as privileged (for example, by redacting the document), the privilege log shall identify the produced document.

9. These requests shall apply to all documents in your possession, custody or control at the present time or coming into your possession, custody or control prior to the date of the production. If you know of the existence of such documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents and things, and the person who has the possession, custody or control of the documents or things.

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Please produce the following documents pursuant to Fed. R. Civ. P. 45:

1. All documents concerning all policies, rules and procedures relating to the development or adoption of DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0.

2. All documents concerning the identities of the persons responsible for the development and adoption of the Specified DOCSIS Sections, including but not limited to organizational charts for the time periods when each standard was conceived, developed and adopted.

3. All documents concerning the development of the Specified DOCSIS Sections.

4. All documents concerning the adoption of the Specified DOCSIS Sections.

5. All documents concerning all technologies considered during the development and adoption of the Specified DOCSIS Sections.

6. All documents concerning why each of the particular technologies adopted in the Specified DOCSIS Sections were chosen over other technologies.

7. All drafts prepared with respect to the Specified DOCSIS Sections.

8. All documents concerning the testing done with respect to the Specified DOCSIS Sections.

9. All documents concerning patent searches with respect to the development and adoption of the Specified DOCSIS Sections.

10. All documents concerning the promotion and marketing of the DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 standards.

11. Documents sufficient to determine the identity of all persons who are parties to Your royalty-free pool for intellectual property rights essential for implementation of the DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0 standards.

12. All documents concerning Your royalty-free pool for intellectual property rights essential for implementation of the DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0 standards, including without limitation documents sufficient to identify all patents included in such pool, and all agreements relating to such patents.

13. All documents concerning the procedure for obtaining a license for the intellectual property contained in Your royalty-free pool for intellectual property rights essential for implementation of the DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0 standards.

14. All documents concerning Communications between You and any persons who refused to join or contribute intellectual property to Your royalty-free pool for intellectual property rights essential for implementation of the DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0 standards.

15. All documents concerning Communications between You and Comcast regarding the Specified DOCSIS Sections prior to the Rembrandt v. Comcast litigation.

16. All documents concerning Communications between You and any person, including but not limited to Comcast, regarding the Rembrandt v. Comcast litigation.

17. All documents concerning Your procedure for certifying products to be DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0-compliant.

18. All documents concerning the testing of any products for certification for DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0.

19. All documents concerning royalties received by you or any other person for licenses to intellectual property related to the MPEG-1 or MPEG-2 standards.

**SCHEDULE B**
**ATTACHED TO REMBRANDT'S SUBPOENA**
**TO CABLE TELEVISION LABORATORIES, INC.**

## DEFINITIONS

All definitions set forth in Schedule A attached to Rembrandt's Subpoena to Cable Television Laboratories, Inc. are incorporated herein in their entirety.

## INSTRUCTIONS

This subpoena calls for you to designate and make available for the purpose of giving testimony at the deposition the officer(s), director(s), managing agent(s), and/or other person(s) who is (are) most knowledgeable and able to testify about each of the subjects identified below under the heading "Deposition Topics."

## DEPOSITION TOPICS

1. All Communications between You and any third party, including but not limited to Comcast, other than your legal counsel, regarding the Rembrandt v. Comcast litigation.

2. All Communications between You and Comcast concerning the DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 standards.

3. The design, development and testing of the DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 standards.

4. Comcast's involvement in the design, development, implementation and testing of the DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 standards.

5. The adoption of DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 as industry standards.

6. Comcast's involvement in the marketing and promotion of the adoption of DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 as standards.

7. All Communications between You and the FCC or any other regulatory agency, foreign or domestic, regarding establishing DOCSIS 1.0, DOCSIS 1.1, or DOCSIS 2.0 as industry standards.

8. All published statements made by You regarding the Rembrandt v. Comcast litigation, and the basis for any such statements.

9. Your royalty-free pool for intellectual property rights essential for implementation of the DOCSIS 1.0, DOCSIS 1.1, and DOCSIS 2.0 standards.

10. Your search for and production or non-production of documents in response to this Subpoena.

11. Your knowledge of the documents kept in connection with the DOCSIS 1.0, DOCSIS 1.1, or DOCSIS2.0 standard-setting procedure.

12. Royalties received under licenses for intellectual property related to the MPEG-1 or MPEG-2 standards.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>v.<br><br>COMCAST CORPORATION. COMCAST CABLE COMMUNICATIONS, LLC. AND COMCAST OF PLANO, LP | Civil Action No. 2:05-cv-00443-TJW |

**NOTICE OF SUBPOENA AD TESTIFICANDUM AND DUCES TECUM TO CABLE TELEVISION LABORATORIES, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Rembrandt Technologies, LP has requested Cable Television Laboratories, Inc. to produce documents and things for inspection and copying on January 4, 2007, 10:00 A.M., at Esquire Deposition Services, 303 East 17th Avenue, Suite 565, Denver, Colorado 80203. Said production will take place pursuant to the Subpoena in a Civil Case attached hereto, and in accordance with the Federal Rules of Civil Procedure.

PLEASE ALSO TAKE NOTICE that on January 25, 2007, 9:00 A.M., Plaintiff Rembrandt Technologies, LP, pursuant to Rule 45 of the Federal Rules of Civil Procedure, will take the deposition of Cable Television Laboratories, Inc. The deposition will take place at the offices of Esquire Deposition Services, 303 East 17th Avenue, Suite 565, Denver, Colorado 80203, or at such other location as the parties shall agree. The deposition shall be taken upon oral examination before an officer authorized to administer oaths and take testimony. The oral examination will be recorded stenographically, including the use of use of instantaneous transcription and/or videotape, and will continue day to day until completed. You are invited to attend and cross-examine.

Dated: 12/14/06

FISH & RICHARDSON P.C.

By: ______________________

Frank E. Scherkenbach
Lawrence K. Kolodney
Michael H. Bunis
Thomas A. Brown
Michael S. Forman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Tel: 617-542-5070
Fax: 617-542-8906

Timothy Devlin
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: 302-652-5070
Fax: 302-652-0607

Alan D. Albright
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Tel: 512-472-5070
Fax: 512-320-8935

Attorneys for Plaintiff
REMBRANDT TECHNOLOGIES, LP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2006, a true and correct copy of this Notice of Subpoena Ad Testificandum and Duces Tecum to Cable Television Laboratories, Inc. was caused to be served on the attorneys of record at the following addresses via electronic mail:

Brian L. Ferrall
Leo L. Lam
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

*Attorneys for Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP*

Jennifer Haltom Doan
John Peyton Perkins, III
Haltom & Doan, LLP
6500 N. Summerhill Road, Suite 1A
P.O. Box 6227
Texarkana, TX 75505-6227

*Attorneys for Defendants Comcast Corporation, Comcast Cable Communications, LLC and Comcast of Plano, LP*

Michael S. Forman