# EXHIBIT 11

FAEGRE & BENSON LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

MARY V. SOOTER
MSooter@faegre.com
303/447-7767

March 20, 2009

**VIA E-MAIL**

Michael E. Joffre, Esq.
Michael N. Nemelka, Esq.
Kellogg Huber Hanson Todd Evans & Figel
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3215

Re: *In re Rembrandt / MDL Docket No. 07-md-1848 (GMS) CableLabs Subpoenas*

Dear Michael:

I am in receipt of your letter of March 17, 2009 regarding Rembrandt's February 26, 2009, Rule 30(b)(6) subpoena of CableLabs.

That letter is the latest correspondence in CableLabs ongoing good faith attempts to meet-and-confer with Rembrandt regarding the appropriate scope of that subpoena in light of the fact that CableLabs is a non-profit, non party, and has already provided Rembrandt substantial discovery including three deposition on many of these topics. CableLabs reserves all of its rights, including its right to move to quash the subpoena in its entirety for failure to comply with the basic requirements of Rule 45, if Rembrandt continues to demand unduly burdensome and duplicative discovery from CableLabs.

In any event, CableLabs remains willing to meet-and-confer regarding the permissible scope of Rembrandt's subpoena. However, as set forth below, the subpoena is overly burdensome and Rembrandt has failed to satisfy its obligation to make the subpoena as efficient and least burdensome as possible on CableLabs.

**A. Topics 2, 3, 4, 9, 10, 11:**

For the following reasons, CableLabs maintains its objection to subpoena topics 2, 3, 4, 9, 10, and 11.

1. On January 30, 2009, Rembrandt conducted a lengthy deposition of Dorothy Raymond, who is CableLabs' former general counsel, and current outside counsel.

2. During that deposition, Rembrandt exhausted large amounts of Ms. Raymond's time asking her about CableLabs' patents, patent licenses,

intellectual property, the DOCIS patent pool, and/or the DOCSIS license agreement (among other topics).

3. Nearly four weeks later, Rembrandt served a Rule 30(b)(6) subpoena seeking to depose CableLabs on these *very same* topics.

4. The most knowledgeable CableLabs witness on those topics is Ms. Raymond.

5. If Rembrandt had notified CableLabs that it had intended to depose the company on these topics, then CableLabs would have had the opportunity to coordinate the depositions so that Ms. Raymond would need to be prepped and deposed only once rather than twice.

6. Rembrandt's deposition of Ms. Raymond, and then subsequent Rule 30(b)(6) subpoena on the same topics has prevented any coordination or efficiency, and therefore violates Rembrandt's Rule 45 obligation to minimize the burden on a non-party.

7. CableLabs has offered to designate the relevant portions of Ms. Raymond's deposition as Rule 30(b)(6) testimony, but Rembrandt has refused to engage in such discussion.

8. To the extent that Ms. Raymond was unable to answer specific questions during her deposition, it is unlikely that CableLabs possesses such knowledge. Ms. Raymond has more knowledge on these topics than other employees. Therefore a second deposition will likely not yield further information.

9. Rembrandt's assertion that it has received documents related to Ms. Raymond after her personal deposition is misleading and irrelevant. These documents primarily relate to topics other than the topics at issue, such as certification, testing, and the specifications. On many of those documents, Ms. Raymond was simply one of many people copied on the correspondence.

10. Rembrandt has consistently disregarded its obligation to minimize the burden on CableLabs—a non-profit, non-party. Instead, Rembrandt has already conducted *three* depositions of CableLabs personnel. Now, after CableLabs has willingly participated in those depositions (two of which were quite unproductive), Rembrandt seeks to further burden Cablelabs by noticing a Rule 30(b)(6) deposition that covers *one hundred and eight* (108) topics, and readdress the topics that it has already asked the prior deponents.

11. Each deposition of CableLabs or its personnel is costly and disruptive.

12. Nevertheless, CableLabs continues to cooperate with Rembrandt's subpoenas. CableLabs has produced close to *two hundred thousand pages* of documents, and CableLabs has willingly provided *three* individual depositions.

CableLabs has also agreed to prepare corporate witnesses on the vast majority of the subpoena topics.

13. However, a second deposition of Dorothy Raymond will be unproductive, burdensome, repetitive, and costly. Therefore, CableLabs maintains its objections to deposition topics 2, 3, 4, 9, 10, and 11.

**Topics 1, 5–8, 12–23 Generally:**

CableLabs has agreed to testify to the best of its reasonable ability and knowledge about the remaining deposition topics. However, given the breadth, depth, and span of time of the subject matter, we have made clear to Rembrandt that CableLabs will be able to testify only in the most general sense on many of the topics. And, as CableLabs has repeatedly stated, there are many topics about which CableLabs lacks knowledge and will be unable to testify. Finally, Rembrandt still has not explained what it means by topic number 18).

**Topics 5, 7, 8b, 14, 17:**

If CableLabs identifies documents that answer this topic, CableLabs will consider identifying them *in lieu of* providing a witness.

**Duration:**

Finally, please confirm that the Rule 30(b)(6) deposition will not exceed seven hours as provided by Rule 30(d)(1).

CableLabs remains willing to work with Rembrandt to narrow the subpoena as set forth above and in my earlier correspondence. I look forward to hearing from you.

Very truly yours,

Mary V. Sooter

MVS
Encl.

fb.us.3791762.02