# APPENDIX OF UNPUBLISHED CASE LAW

# LA SALLE V. NOMURA
# 2003 WL 21688225

C
Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois.
LASALLE NAT. ASSOC.
v.
NOMURA ASSET CAPITAL CORP
**No. 03 C 4065.**

July 16, 2003.

ORDER

KEYS, Magistrate Judge.

***1** The Motion relates to litigation filed by LaSalle, in its capacity as Trustee of a REMIC, against Nomura Asset Capital Corp. ("Nomura") and Nomura's affiliate, Asset Securitization Corporation ("ASC"), which is pending in the Southern District of New York (the "Litigation"). The Litigation concerns a $50 million loan made by Nomura to HPCH, and subsequently transferred to LaSalle as Trustee of the REMIC trust.

Nomura loaned HPCH $50 million, secured by a guarantee from Doctors Hospital. Nomura subsequently transferred the $50 million loan, along with other loans, to LaSalle, as Trustee of the REMIC Trust. When Doctors Hospital filed for bankruptcy protection and ceased making lease payments to HPCH in 2000, HPCH defaulted on the $50 million loan. LaSalle sued Nomura and ASC, alleging that Nomura and ASC either failed to properly investigate the borrower and the guarantor, or that the Defendants knew that the $50 million loan was not properly secured.

During discovery, LaSalle learned that Dr. James Desnick was the majority shareholder and/or managing partner of several entities that were involved with HPCH, and the $50 million Nomura Loan. Specifically, Dr. Desnick owned 100% of HP Membership, Inc, which owned 1% of HPCH and was the managing member of HPCH. In addition, Dr. Desnick owned 100% of Stoney Island Ventures, Inc., which was the managing partner of HPCH Partners LP, which in turn owned 99% of HPCH. Dr. Desnick also owned 100% of the stock of Doctors Hospital.

On January 29, 2003, LaSalle deposed Dr. Desnick in his individual capacity, regarding his participation in obtaining the $50 million loan. Subsequently, LaSalle subpoenaed HPCH, seeking to depose its designated Rule 30(b)(6) representative. Only then did HPCH identify Dr. Desnick as its designated representative.-almost six months after Dr. Desnick's individual deposition was taken.

HPCH seeks to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), which provides that "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... subjects a person to undue burden."HPCH claims that the deposition would be duplicative of the day-long deposition of Dr. James Desnick, which LaSalle took on January 29, 2003, and would be unduly burdensome. A party seeking to quash a subpoena bears the burden of proving that the subpoena is unduly burdensome. *Plant Genetic Sys., N.V. v. Northrup King Co. Inc.,* 6 F.Supp.2d 859, 862 (E.D.Mo.1998). HPCH correctly notes that the court in *Novartis Pharmaceuticals Corp v. Abbott Labs* prohibited a Rule 30(b)(6) deposition of a corporation through its designated representative, because the representative had already been deposed in his individual capacity. 203 F.R.D. 159 (D.Del.2001). The case is readily distinguishable, however, because the corporation in *Novartis* agreed to be bound by the individual's deposition testimony, whereas HPCH has refused to be bound by Dr. Desnick's testimony. *Id.* at 162.HPCH also claims that LaSalle cannot satisfy the test set forth in *Block v. Abbott Labs., Inc.,* 2001 WL 1539159, at *2 (N.D.Ill.2001), which identifies the circumstances warranting deposing a

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

witness for a second time. *Block* is also distinguishable, however, because LaSalle is seeking to depose HPCH, a distinct corporate entity, *see Pacific Mutual Life Ins. Co. v. American Nat'l Bank and Trust Co. of Chicago*, 649 F.Supp. 281, 287-88 (N.D.Ill.1986), via their designated representative Dr. Desnick; LaSalle is not seeking to redepose Dr. Desnick in his individual capacity. Even if the Court were to ignore this distinction, the Court finds that LaSalle would satisfy the *Block* test: 1) neither Dr. Desnick nor HPCH, both central actors in the events giving rise to this lawsuit, have answered LaSalle's deposition questions on the record about HPCH's participation in and knowledge of the events leading up to the $500 million loan; 2) as the borrower, HPCH has relevant knowledge that it uniquely possesses; and 3) HPCH has not identified, nor is the Court aware of, less burdensome avenues for obtaining the desired information. *Id.* In conclusion, the Court finds that HPCH has not demonstrated that making Dr. Desnick, as HPCH's designated representative, available for a deposition is unduly burdensome. Therefore, the Court denies HPCH's Motion to Quash.

N.D.Ill.,2003.
LaSalle Nat. Assoc. v. Nomura Asset Capital Corp.
Not Reported in F.Supp.2d, 2003 WL 21688225 (N.D.Ill.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# MILLER V. UNION PACIFIC
# 2008 WL 4724471

H
Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Lyle R. MILLER, Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, et al.,
Defendants.
**Civil Action No. 06-2399-JAR-DJW.**

Oct. 24, 2008.

West KeySummary
**Federal Civil Procedure 170A 1325**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(C) Depositions of Parties and Others Pending Action
170AX(C)1 In General
170Ak1323 Persons Whose Depositions May Be Taken
170Ak1325 k. Officers and Employees of Corporations. Most Cited Cases

Railroad's motion for a protective order relieving it from the obligation to produce a corporate representative to testify in deposition related to a collision involving railroad train and a truck at a railroad crossing was denied. Testimony was sought regarding complaints made to railroad about the vegetation and poor visibility at the crossing, but railroad objected to providing a representative to testify regarding the topic because truck driver had previously deposed railroad employees. However, railroad's employee's testimony was their own, individual testimony, not that of the railroad, and thus truck driver was entitled to know what the railroad's position was on the topic. Fed.Rules Civ.Proc.Rule 30(b)(6), 28 U.S.C.A.

Gene C. Napier, Jason R. Keck, John T. Peak, Hubbell, Peak, O'Neal, Napier & Leach, Kansas City, MO, for Plaintiff.

Richard J. Pautler, Thompson Coburn LLP, St. Louis, MO, Thomas E. Jones, Thompson Coburn LLP, Belleville, IL, Carlton D. Callenbach, Casey O. Housley, Lynn W. Hursh, Armstrong Teasdale LLP, Kansas City, MO, for Defendants.

***MEMORANDUM AND ORDER***

DAVID J. WAXSE, United States Magistrate Judge.

***1** Pending before the Court is the Amended Motion for Protective Order (doc. 114) filed by Defendant Union Pacific Railroad Company ("Union Pacific"). Union Pacific seeks a protective order relieving it from the obligation to produce a corporate representative to testify as requested in the Rule 30(b)(6) deposition notice served on Union Pacific by Defendant Waste Management of Kansas, Inc. ("Waste Management") (doc. 94). For the reasons set forth below, the Court denies the motion.

## I. Introduction and Factual Background

This action arises out of a collision involving a Union Pacific train and a Waste Management truck at a railroad crossing on June 3, 2006. Plaintiff, who was the conductor of the train, alleges that he was severely injured as a result of the collision. He asserts claims against Union Pacific under the Federal Employers' Liability Act. and the Federal Locomotive Inspection Act.[FN1] In addition, he asserts claims against Waste Management for common law negligence and loss of consortium.[FN2]

FN1.*See* Am. Compl. (doc. 142), Counts I & II. Plaintiff indicated at the recent pretrial conference that he is dismissing his claims under the Federal Locomotive Inspection Act.

FN2.*See id.*, Counts III & IV.

Waste Management has filed a cross-claim against Union Pacific for common law negligence.FN3 Union Pacific has filed a cross-claim against Waste Management for contribution/comparative implied indenity and negligence. FN4

FN3. *See* Waste Management's Answer and Cross-Claim (doc. 10).

FN4. *See* Union Pacific's Cross-Claim (doc. 13).

On May 8, 2008, Waste Management filed and served on Union Pacific a Notice of Videotaped Deposition Duces Tecum of Corporate Representative(s) (doc. 94) ("Deposition Notice"). It listed the following matters on which testimony would be taken:

1. Complaints made by Eric Taylor and Donald Tidquist to Union Pacific's employee(s) on or about May 27, 2006 (as referenced in the Kansas Highway Patrol Accident Report and the statements of same taken by Union Pacific) regarding the vegetation and resultant poor visibility in the area of the subject collision.

2. Complaints made by any person or entity to Union Pacific regarding the vegetation and resultant poor visibility in the area of the subject collision.

3. The identity of all Union Pacific employees to whom complaints would have been made regarding the vegetation in the area of the collision and/or visibility at the subject crossing.

4. Ownership of the railroad tracks at the subject crossing.

5. Maintenance of the railroad tracks at the subject crossing.

6. Ownership of the right-of-way at the subject crossing.

7. Maintenance of the right-of-way at the subject crossing.

8. Union Pacific's policies concerning the maintenance of foliage, trees ... or grass around private railroad crossings.

9. Union Pacific's policies concerning the maintenance of foliage, trees ... or grass around public railroad crossings.

10. Union Pacific's policies, procedures and/or programs in place at the time of the collision for identifying limitations in sight distance(s) for motorists and/or train crews at the subject crossing.

11. The identity of all entities and/or employees whose duty it was to inspect, maintain and/or control the vegetation in the area of the subject collision.

***2** 12. The identify [sic] of all track supervisors for the Union Pacific within the United States for the time period of May 20, 2006 through June 3, 2006, inclusive.

13. The identify [sic] of all track supervisors for the Union Pacific within the State of Kansas for the time period of May 20, 2006 through June 3, 2006, inclusive.

14. The identify [sic] of all persons to whom track supervisors for the Union Pacific reported to within the State of Kansas for the time period of May 20, 2006 through June 3, 2006, inclusive.

15. Any and all statements taken by Union Pacific as a result of the subject collision.FN5

FN5. Dep. Notice (doc. 94).

Union Pacific asserts objections to each of these topics and argues that those objections entitle it to a protective order. Each of Union Pacific's objections is discussed below.

## II. Applicable Law

**A. Standard for Ruling on a Motion for Protective Order**

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."[FN6] The party seeking a protective order has the burden to show good cause for it.[FN7] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[FN8]

FN6. Fed.R.Civ.P. 26(c)(1).

FN7. *Reed v. Bennett,* 193 F.R.D. 689, 691 (D.Kan.2000).

FN8. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[FN9] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[FN10] Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[FN11]

FN9. *MGP Ingredients, Inc. v. Mars, Inc.,* 245 F.R.D. 497, 500 (D.Kan.2007) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

FN10. *Seattle Times,* 467 U.S. at 36.

FN11. *ICE Corp. v. Hamilton Sundstrand Corp.,* No. 05-4135-JAR, 2007 WL 1652056, at *3 (D.Kan. June 6, 2007) (quoting Fed.R.Civ.P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.,* 217 F.R.D. 533, 534 (D.Kan.2003).

**B. The Law Regarding Rule 30(b)(6) Depositions**

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a corporation or other business organization such as Union Pacific. The Rule provides as follows:

In its notice or subpoena, a party may name as the deponent a public or private corporation ... and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.... The persons designated must testify about information known or reasonably available to the organization.[FN12]

FN12. Fed.R.Civ.P. 30(b)(6).

With respect to a Rule 30(b)(6) deposition, no distinction exists between the designated corporate representative and the corporation.[FN13] During the Rule 30(b)(6) deposition, the designated corporate representative does not give his or personal opinion like an individual does, but rather presents the corporation's position on the topic.[FN14] In other words, '[t]he designee testifies on behalf of the corporation and thus holds it accountable."[FN15] Most importantly, the designated representative's testimony is binding on the corporation.[FN16] In contrast, the testimony of a corporation's employee, when taken in his or her individual capacity, does not bind the corporation.[FN17]

FN13. *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.,* No.

05-2433-JWL-DJW, 2007 WL 2333356, at *5 (D.Kan. Aug.15, 2007); *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D.Kan.2006) (citations omitted).

FN14. *Vonage*, 2007 WL 2333356, at *5; *Theglobe*, 236 F.R.D. at 527.

FN15. *Theglobe*, 236 F.R.D. at 527 (citing *Starlight Int'l, Inc. ., v. Herlihy*, 186 F.R.D. 626, 638 (D.Kan.1999); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 94-2395-GTV, 1995 WL 625962, at * 13 (D.Kan. Oct.5, 1995); *Media Servs. Group, Inc. v. Lesso, Inc.*, 45 F.Supp.2d 1237, 1253 (D.Kan.1999)).

FN16. *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR-KGS, 2007 WL 1500311, at *4 (D.Kan. May 21, 2007); *Theglobe*, 236 F.R.D. at 528.

FN17. *Sabre v. First Dominion Capital, LLC*, No. 01 Civ. 2145(BSJ)(H), 2002 WL 31556379, at *2 (S.D.N.Y. Nov.15, 2002).

***3** Corporations have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully answer questions in a non-evasive manner about the designated subject matter.[FN18] Notably, and because Rule 30(b)(6) explicitly requires a corporation to designate persons to testify on its behalf as to all matters reasonably available to it,[FN19] this Court has held that the Rule "requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[FN20] Whether the corporate designee has personal knowledge of the designated subject matter is of no consequence.[FN21] If need be, the corporation must prepare its designees by having them review prior fact witnesses' deposition testimony as well as documents and deposition exhibits.[FN22]

FN18. *Univ. of Kan. v. Sinks*, 565 F.Supp.2d 1216, 1226 (D.Kan.2008); *Starlight*, 186 F.R.D. at 639.

FN19.Fed.R.Civ.P. 30(b)(6).

FN20. *Theglobe*, 236 F.R.D. at 527-28 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 734 (D.Kan.2002)).

FN21. *Id.* at 528.

FN22.*Id.* (citing *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.1996)).

## III. Analysis

### A. Topic 1

Topic 1 seeks testimony regarding "[C]omplaints made by Eric Taylor and Donald Tidquist to Union Pacific's employee(s) on or about May 27, 2006 ... regarding the vegetation and resultant poor visibility in the area of the subject collision."It is undisputed that the Kansas Highway Patrol Accident Report regarding the collision indicates that Mr. Taylor and Mr. Tidquist had complained to Union Pacific's employees about the vegetation and poor visibility at the crossing. The Report indicates that they made the complaints on or about May 27, 2006, a few days prior to the June 3, 2006 collision.

Union Pacific objects to providing a representative to testify regarding this topic on the basis that Plaintiff and Waste Management have previously deposed certain Union Pacific employees, i.e., the Manager of Track Maintenance (Larry Huddleston), the Track Inspector (Elmer Hulse), and the Relief Track Inspector (David Anderson), and that none of them had any knowledge of any such complaints. In light of their testimony, Union Pacific objects to producing still "another individual" to testify regarding the alleged complaints of Mr. Taylor and Mr. Tidquist.[FN23] It objects to producing "any additional witnesses" as it "has no knowledge as to

whom Mr. Taylor and Mr. Tidquist made these alleged complaints on or about May 27, 2006."FN24

FN23. Am. Mot. for Prot. Order (doc. 114) at p. 3.

FN24. *Id.*

The Court finds this objection to be without merit and not a sufficient basis for a protective order. As noted above, a Rule 30(b)(6) deposition presents the testimony of the corporation and is binding on the corporation. It is separate and distinct from the deposition of an individual employee. Here, only three individual employees have testified as to the lack of complaints. Their testimony is their own, individual testimony, and is not that of the corporation. Thus, it is not binding on the corporation. Waste Management is entitled to know what the corporation's position is on this topic, and a Rule 30(b)(6) deposition is the proper vehicle to determine that position. In short, the fact that individually-named witnesses have testified concerning a subject is no obstacle to a 30(b)(6) deposition on the same subject. FN25

FN25. See *ICE Corp.*, 2007 WL 1500311, at *3 (fact that party has already taken depositions of individuals does not insulate corporation from producing the same individuals as corporate representatives to give Rule 30(b)(6) depositions on the same topics).

***4** To the extent Union Pacific contends that no one within the corporation has any knowledge of any complaints from Mr. Taylor or Mr. Tidquist,FN26 then Union Pacific may designate a corporate representative to testify to that effect.FN27 Union Pacific's Motion for Protective Order is therefore denied as to Topic 1.

FN26. Union Pacific asserts in its Motion for Protective Order that "defendant has no knowledge as to whom Mr. Taylor and Mr. Tidquist made these alleged complaint on or about May 27, 2006,"*See* Am. Mot. for Protective Order (doc. 114) at p. 3.

FN27. *See generally Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2008 WL 973118, at * 12 (D.Kan.2008) ("[T]he court will require Target to designate one or more 30(b)(6) witnesses, if necessary, to testify regarding 'accessories' as noticed in topic no. 38. To the extent that Target has no more information regarding accessories from 1992-2002, or other aspects of topic no. 38, then Target's designated Rule 30(b)(6) representative "can testify that the information sought is not known or reasonably available to Target.").

**B. Topic 2 and 3**

Topic 2 is similar to Topic 1, but seeks testimony regarding complaints made by *any person or entity* to Union Pacific regarding the alleged vegetation and resultant poor visibility in the area of the collision. Topic 3 seeks testimony regarding "[t]he identity of all Union Pacific employees to whom complaints would have been made regarding the vegetation in the area of the collision and/or visibility at the subject crossing."Union Pacific objects to producing a representative to testify regarding these topics, because, again, it contends that three Union Pacific employees have already testified that they have no knowledge regarding any such complaints. Consequently, Union Pacific argues that it should not have to produce an additional witness to testify regarding these same matters.

Again, the Court finds the fact that other individually named employees have testified concerning these topics is not an obstacle to a Rule 30(b)(6) deposition on the same subject matter. The Motion for Protective Order is therefore denied as to Topics 2 and 3.

**C. Topic 4**

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Topic 4 seeks testimony regarding "[o]wnership of the railroad tracks at the subject crossing."Union Pacific objects to producing a representative to testify regarding this topic because it contends there is no dispute in this case that Union Pacific owns the railroad tracks at the crossing where the collision occurred. It also states that Mr. Huddleston testified that his territory covered certain mileposts and that the crossing was within his territory. In addition, it states that Union Pacific has previously produced a right-of-way track map "which indicates the track and right-of-way owned by the defendant."FN28

FN28. Am. Mot. for Protective Order (doc. 114) at p. 4.

The Court finds this topic to be broader than simply whether Union Pacific owns the tracks where the collision occurred. Thus, even assuming arguendo, that there is no dispute about Union Pacific's ownership of the tracks, that lack of dispute is insufficient grounds for a protective order. Also, for the reasons discussed above, the fact that Mr. Huddleston may have provided some testimony regarding this topic is not dispostive. In short, the Court finds that Union Pacific has not established the requisite good cause for a protective order with respect to Topic 4. The Court therefore denies the Motion for Protective Order as to Topic 4.

**D. Topics 5-11**

These topics cover such subjects as ownership and maintenance of the railroad tracks at the subject crossing, Union Pacific's policies concerning the maintenance of foliage around private and public railroad crossings, policies for identifying limitations in sight distances for motorists and/or train crews at the subject crossing, and the identities of entities and employees whose duty it was to inspect and control the vegetation in the area of the subject collision.

***5** Union Pacific again objects on the basis that it has already produced employees who have testified about these topics. For the same reasons discussed above with respect to Topic 1, the Court finds Union Pacific's objections to be without merit. The Court therefore denies the Motion for Protective Order as to Topics 5-11.

**E. Topics 12-14**

Through Topics 12-14, Waste Management asks Union Pacific to produce a corporate representative to identify track supervisors for Union Pacific within the United States and within the state of Kansas, and to identify to whom those track supervisors report. Union Pacific objects to these topics, arguing that the information sought is irrelevant and immaterial. It states that Mr. Huddleston, Mr. Hulse, and Mr. Anderson have already testified as to the identities of their supervisors and provided this information as to the territory where the collision occurred. It contends that no purpose will be served by producing a representative to identify employees located in other territories.

Waste Management, on the other hand, contends that Topics 12-14 are proper because they may lead to the discovery of relevant, admissible evidence. Waste Management contends that prior track supervisors (or their supervisors) might have information about this particular railroad crossing and any complaints made about it. In particular, prior track supervisors assigned to this territory may have relocated within the company. It maintains that these individuals may have information that would lead to the discovery of the identity or identities of those Union Pacific employees to whom Eric Taylor and Don Tidquist allegedly complained.

The Court finds that Union Pacific has failed to establish good cause for a protective order with respect to these topics. As discussed above in Part II.A, a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).FN29 In other words, the protective or-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

der must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."FN30 Significantly, Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.FN31 When a party objects to providing discovery on the basis that the request seeks irrelevant information or is not calculated to lead to the discovery of admissible evidence, this Court has held that the validity of such an objection should be considered in the context of a motion to compel.FN32

FN29. *See ICE Corp.*, 2007 WL 1652056, at *3 (quoting Fed.R.Civ.P. 26(c)); *Aikens*, 217 F.R.D. at 534.

FN30. Fed.R.Civ.P. 26(c)(1).

FN31. *Continental Casualty Co., v. Multiservice Corp.*, No. 06-2256-CM-JPO, 2008 WL 73345, at *6 (D.Kan. Jan.7, 2008); *Sprint*, 2007 WL 2333356, at *2; *Aikens*, 217 F.R.D. at 534.

FN32. *Continental*, 2008 WL 73345, at *6; *Vonage*, 2007 WL 2333356, at *2; *Aikens*, 217 F.R.D. at 534. Subsections (B) and (C) of Federal Rule of Civil Procedure 37(a)(3) set forth the provisions for filing a motion to compel relating to a deposition.

The only other basis that Union Pacific provides in support of its request for protective order as to these topics is that other Union Pacific employees assigned to this territory during the relevant time period have already testified in their depositions and provided this information as to the territory where the collision occurred. As noted above, however, the fact that other individual employees may have testified regarding certain matters does not preclude a Rule 30(b)(6) deposition of the corporate representative on the same or similar issues.

***6** In light of the above, the Court finds that Union Pacific has failed to establish good cause for precluding these topics from being addressed at its Rule 30(b)(6) deposition. The Motion for Protective Order is therefore denied as to Topics 12-14.FN33

FN33. Even if the Court were to consider Union Pacific's relevance objections to Topics 12-14, the Court would find the requested information relevant, given the liberal construction given relevance at the discovery stage. *See Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, at 9 (D.Kan. Apr.30, 2008) (citations omitted) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Consequently, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.") (internal quotations and citations omitted).

**F. Topic 15**

This topics seeks testimony as to "all statements taken by Union Pacific as a result of the subject collision."Union Pacific objects to this topic on the basis that it requests information protected by work product immunity. Waste Management counters that Union Pacific has produced statements taken by its representatives, and, thus, any work product immunity that those statements may have enjoyed has been waived. With respect to any other statements that may exist which Union Pacific contends are work product, Waste Management maintains that it is entitled to depose Union Pacific's representative about such statements in a manner that would not reveal protected information but that would allow it to assess the applicability of the claimed work product protection.

Generally speaking, this Court will deny motions for protective order based on objections that the information sought in the deposition is protected by work product immunity or attorney-client privilege, unless the requested topics, on their face, call for testimony invading the work product doctrine or attorney-client privilege.[FN34] Where the topics do not, on their face, seek protected or privileged testimony, the Court will ordinarily require the deponent to appear for the deposition and raise any such objections to the specific questions posed.[FN35] Counsel then has an opportunity to explore background facts concerning the immunity or privilege, and the deponent can substantiate any objections.[FN36]

FN34. *See, e.g., McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 587 (D.Kan.2008) (denying motion for protective order as to Rule 30(b)(6) deposition and finding blanket assertions of attorney-client privilege and work product immunity premature); *Theglobe,* 236 F.R.D. at 529 (holding that blanket assertions of privilege before any questions have been asked at a 30(b)(6) deposition are premature and therefore denying motion for protective order); *Carolina Indus. Prods., Inc. v. Learjet, Inc.,* No. CIV. A. 00-2366-JWL, 2001 WL 1155297, at *3 (D.Kan. Aug.10, 2001) (denying motion for protective order on privilege grounds, finding Rule 30(b)(6) deposition topic on its face did not call for testimony invading privilege or work product immunity); *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 689 (D.Kan.1988) ("The court will ordinarily decline a motion for protective order or to quash a [deposition] subpoena, based on the contention that the information sought is protected by the attorney-client privilege or work product doctrine.").

FN35. *Carolina Indus.,* 2001 WL 1155297, at *4; *Hay,* 132 F.R.D. at 689.

FN36. *Hay,* 132 F.R.D. at 689.

In accordance with this policy, the Court finds that Union Pacific's blanket assertion of work product immunity to Topic 15 of the Rule 30(b)(6) Deposition Notice is premature. The Court does not find that the topic, on its face, calls for testimony invading the work product doctrine. The Court therefore finds no basis at this time to grant the requested Motion for Protective Order on work product grounds. The Court recognizes, however, that during the Rule 30(b)(6) deposition(s), it is possible that Waste Management might ask specific questions on this topic which would elicit privileged information. At that time, the deponent may assert the appropriate privilege. The Motion for Protective Order is therefore denied as to Topic 15.

## IV. Conclusion

The Court holds that Union Pacific has failed to demonstrate good cause to support the issuance of a protective order that would prevent the Rule 30(b)(6) deposition of Union Pacific from going forward. Union Pacific's Motion for Protective Order is therefore denied. Union Pacific shall designate one or more representatives to testify on its behalf regarding the topics set forth in Waste Management's Rule 30(b)(6) Deposition Notice. The parties shall confer to determine a mutually agreeable time for the depositions(s).

## V. Award of Expenses and Attorney's Fees

***7** The Court has denied Union Pacific's Motion for Protective Order. Neither Union Pacific nor Waste Management requested expenses or fees in connection with the motion. The Court must nevertheless address the issue because Rule 37(a)(5)(B) provides for the payment of the opposing party's expenses where a motion for protective order is denied.[FN37] It states that the Court, after giving an opportunity to be heard, *must* require the party filing the motion for protective order to pay the party who opposed the motion for protective order the

reasonable fees and expenses that it incurred in opposing the motion for protective order, unless (1) the motion for protective order was substantially justified, or (2) other circumstances make an award of fees and expenses unjust.FN38

FN37. Fed. R. Civ. 26(c)(3) states that Rule 37(a)(5) applies to the award of fees and expenses in connection with the filing of a motion for protective order.

FN38.Fed.R.Civ.P. 37(a)(5)(B) (emphasis added).

In this case, the Court finds that the Motion for Protective Order was substantially justified. The Court therefore declines to award Waste Management any expenses or fees. Each party shall bear its own expenses and fees incurred in connection with the motion.

**IT IS THEREFORE ORDERED** that Union Pacific Railroad Company's Amended Motion for Protective Order (doc. 114) is denied. Union Pacific shall designate one or more representatives to testify on its behalf regarding the topics set forth in the Rule 30(b)(6) Deposition Notice.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and fees incurred in connection with the Motion for Protective Order.

**IT IS SO ORDERED.**

D.Kan.,2008.
Miller v. Union Pacific R. Co.
Slip Copy, 2008 WL 4724471 (D.Kan.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# MYERS V. MID WEST LIFE INSURANCE
# 2008 WL 2396762

H
Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
Howard MYERS, et al, Plaintiff(s),
v.
MID-WEST NATIONAL LIFE INSURANCE COMPANY, Defendant(s).
**Civil Action No. 04-cv-00396-LTB-KLM.**

June 5, 2008.

James J. Murphy, Kirk Randall McCormick, McCormick & Murphy, P.C., Colorado Springs, CO, for Plaintiffs.

James E. Gigax, Bloom, Murr & Accomazzo, P.C., Mark Forrest Bell, Hatch Jacobs, LLC, Stephen Erik Csajaghy, Douglas B. Tumminello, Rothgerber Johnson & Lyons, LLP, Denver, CO, Angela C. Zambrano, Yvette Ostolaza, Weil Gotshal & Manges, LLP, Dallas, TX, for Defendant.

**ORDER**

KRISTEN L. MIX, United States Magistrate Judge.

***1** This matter is before the Court on **Defendant's Motion to Compel Non-Party California Casualty Indemnity Exchange to Respond to Subpoena Duces Tecum** [Docket No. 194; filed May 5, 2008] (the “Motion”). Non-party California Casualty Indemnity Exchange has not filed a Response to the Motion. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Defendant requests that California Casualty Indemnity Exchange (“California Casualty”), a non-party to this action, be compelled to respond to a subpoena *duces tecum*. *Motion* [# 194], p. 1. Defendant states that on March 27, 2008, it properly served California Casualty with a subpoena *duces tecum* through its registered agent in Colorado, the Corporation Company. *Id.* Defendant seeks documents related to payments allegedly made by California Casualty to Plaintiffs under one or more insurance policies that cover the same injuries for which Plaintiffs seek damages from Defendant in this action. *Id.* at Ex. A. Defendant further alleges that despite numerous attempts to contact California Casualty for purposes of discussing compliance with the subpoena, California Casualty has not responded to either Defendant's efforts or to the subpoena itself. *Id.* at 2.

Pursuant to Fed.R.Civ.P. 26(b), parties are entitled to discovery on any matter “relevant to the subject matter involved in the pending action.”Relevancy under Rule 26 is extremely broad. *In re Surety Assoc. of America,* 388 F.2d 412, 414 (2nd Cir.1967). Information is relevant if it is “reasonably calculated to lead to the discovery of admissible evidence.”Fed.R.Civ.P. 26(b)(1). Under the circumstances presented by this case, Defendant must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26, as the motion to compel relates to a non-party. *See Echostar Communications Corp. v. News Corp. Ltd.,* 180 F.R.D. 391, 394 (D.Colo.1998). The fact that discovery is sought from a non-party is one factor the Court may weigh in determining whether Defendant is entitled to an order which requires the production of materials or information. *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed.Cir.1993)). Courts are required to balance the need for discovery against the burden imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure. *Id.* (citing *American Standard Inc. v. Pfizer, Inc.,* 828 F.2d 734, 738 (Fed.Cir.1987)).

Fed.R.Civ.P. 45 provides that a subpoena *duces*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

*tecum*“shall issue from the court for the district in which the production or inspection is to be made.”The subpoena to California Casualty was issued out of the United States District Court for the District of Colorado. Therefore, this Court has the discretion to quash a subpoena if the court finds that the subpoena imposes an “undue burden” upon the subpoenaed party. Fed.R.Civ.P. 45(b)(3)(A)(iv). However, as California Casualty has not filed a response to the Motion, the Court has no evidence before it that the subpoena would impose an undue burden.

***2** I find that the information Defendant seeks is “reasonably calculated to lead to the discovery of admissible evidence.”Fed.R.Civ.P. 26(b)(1). Moreover, based on the record before me, it appears that the subpoena was properly issued and served on California Casualty. I further find that no showing has been made that the subpoena imposes an undue burden upon California Casualty.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED.**California Casualty is ordered to produce to Defendant Mid-West all documents identified in Defendant's Exhibit A. Further, as Fed.R.Civ.P. 45(e) provides that the “issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena,”**California Casualty is warned that a failure to comply with the subpoena will result in the possible imposition of sanctions, including a Recommendation that it be held in contempt of contempt of court.**

D.Colo.,2008.
Myers v. Mid-West Nat. Life Ins. Co.
Slip Copy, 2008 WL 2396762 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# REQUA V. C.B. FLEET HOLDING COMPANY
# 2007 WL 2221146

C
Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
Delores F. REQUA and Lynn Requa, Plaintiffs,
v.
C.B. FLEET HOLDING COMPANY, INCORPORATED; and C.B. Fleet Company, Incorporated; Defendants.
**Civil Action No. 06-cv-01981-PSF-MEH.**

July 31, 2007.

Theodore E. Laszlo, Jr., Michael Jacob Laszlo, Rhonda Denean Hill, Laszlo & Associates, LLC, Boulder, CO, for Plaintiffs.

Daniel Scott Wittenberg, Snell & Wilmer, LLP, Denver, CO, for Defendants.

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

MICHAEL E. HEGARTY, United States Magistrate Judge.

***1** Before the Court are Plaintiff's Notice and Motion to Compel Responses to Plaintiffs' First Request for Production to the "Fleet Defendants" [*Docket # 30* ] and Plaintiff's Motion to Compel C.B. Fleet Copany, Inc. [sic] to Designate and Produce A Witness Pursuant to Rule(b)(6) F.R.C.P. and for Sanctions [*Docket # 33* ]. The matters have been referred to this Court for resolution [*Docket31, 35* ]. Oral argument was heard on these matters on July 27, 2007. For the reasons stated below, the Court **grants in part and denies in part** both Motions.

### I. Motion to Compel Responses

Plaintiff objects to Defendant's production because Defendant simply produced nearly 100,000 pages of documents without identifying which documents respond to which requests. Defendant contends that it produced the documents as kept in the usual course of business and that it provided Plaintiff with an index for the production.

Pursuant to Rule 34, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."Fed.R.Civ.P. 34. Defendant argues that is has met this requirement, but it appears to the Court that some supplementation is necessary. Defendant contends that its records are kept by reference to each custodian, but it has produced the documents based on six relevant categories. To comply with Rule 34, Defendant must specify, for each of the six categories, the documents produced from each custodian. Thus, a sub-category for each of the six categories should be specified by custodian. This addition to Defendant's production will enable Plaintiffs to obtain, with reasonable effort, the documents responsive to their requests. To this extent, Plaintiff's Motion is granted. It is denied in all other respects. Defendant shall produce the sub-categories specified herein on or before **August 13, 2007.**

Plaintiff also objects to redactions by Defendant from the productions. However, at the hearing, Defendant testified that all redactions were of matters not relevant to this case. Although the Court found no authority for redacting information simply because it is irrelevant, Plaintiff does not object to this. Plaintiff objects on the basis that it believes more information exists than is represented by Defendant's responses. This issue goes to the sufficiency of the responses, which was not properly raised by Plaintiff, neither has there been any allegation that Defendant has withheld relevant information that it possesses. In fact, Defendant's counsel stated on the record that Defendant is continuing to review documents from 2006 and 2007 to supple-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ment responses. To this extend, Plaintiff's Motion is also denied.

### II. Motion to Compel Rule 30(b)(6) deposition

Plaintiff seeks a deposition of corporate Defendant C.B. Fleet Company, Inc. Defendant objects that this is a burdensome form of discovery and that it wishes to simply designate former deposition testimony of employees as responsive to certain topics. As an initial matter, the Court must point out that Defendant's refusal to designate a witness without filing a motion for protective order is unsupported by the Federal Rules of Civil Procedure, as well as the Local Rules for the District of Colorado. Defendant should have timely filed a Motion for Protective, which would allow this Court to properly consider the scope of the deposition notice.

***2** In addition, and as discussed at the hearing, Defendant's objection on the basis that this is a burdensome form of discovery is not well founded. In fact, a Rule 30(b)(6) is a common form of discovery against a corporation and is often the most efficient means of obtaining discovery. While the requirement to designate a knowledgeable witness can be burdensome, this burden is neither extraordinary nor unreasonable. *United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C.1996) ("The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.").

Although Defendant is in litigation around the country, Defendant has not been deposed in any other lawsuit, and the character of a Rule 30(b)(6) deposition is qualitatively different from the individual deposition on which Defendant seeks to rely. *Alloc, Inc. v. Unilin Decor N.V.,* No. 02-1266, 2006 U.S. Dist. LEXIS 65889 (E.D.Wis. Aug. 29, 2006). While prior testimony can be designated by the corporation to satisfy a Rule 30(b)(6) deposition, this is most appropriate when the prior witness is the most knowledgeable on the subject and has been previously deposed by opposing counsel with regard to that topic. *See Novartis Pharms. Corp. v. Abott Labs.,* 203 F.R.D. 159, 163 (D.Del.2001). Here, the prior testimony Defendant seeks to designate is from a different case in which unrelated counsel questioned an employee. Plaintiff has the right to seek information for herself based on the claims she has presented, especially when Defendant has never been subject to a Rule 30(b)(6) deposition on any of these topics. To this extend, Plaintiff's Motion to Compel is granted. Counsel shall work together to set a date for this deposition to occur no later than **September 14, 2007.**Because counsel did work together and cancelled the deposition, and thus Defendant did not fail to appear, the Court believes that sanctions are inappropriate at this time.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Notice and Motion to Compel Responses to Plaintiffs' First Request for Production to the "Fleet Defendants" [*Filed June 22, 2007; Docket # 30* ] and Plaintiff's Motion to Compel C.B. Fleet Copany, Inc. [sic] to Designate and Produce A Witness Pursuant to Rule(b)(6) F.R.C.P. and for Sanctions [*Filed July 12, 2007; Docket # 33* ] are **granted in part and denied in part** as specified herein.

D.Colo.,2007.
Requa v. C.B. Fleet Holding Company, Inc.
Not Reported in F.Supp.2d, 2007 WL 2221146 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.